central pivot.[2] Because sliding motion at the central pivot is precluded by the district court's construction of "pivot," with which we agree, we conclude that the SPK cannot literally meet that limitation. Furthermore, we are not persuaded by Minebea's attempt to manufacture an issue of material fact by simply questioning whether the clearance in the SPK's pin and slot structure is sufficient to allow for sliding. It is clear to us from the pictures of the SPK relied upon by Minebea's expert and the difference in the amount of clearance measured in the SPK's pin and slot structure compared to the studs at the ends of the lever ends that the SPK's pin and slot structure functions by sliding motion.

Finally, we turn to the question whether the SPK's pin and slot structure meets the "pivot" limitation under the doctrine of equivalents. As explained above, the '225 patent's written description discloses a leveling mechanism that operates by having the central pivot rotate only, but allows the studs at the ends of the lever arms to rotate and slide in their slots. '225 Patent, Col. 4, ll. 25–31. The SPK, on the other hand, has fixed joints at its lever ends and a sliding central pin and slot structure. The SPK's leveling mechanism operates by allowing the ends of the lever arms rotate only, but allows the central pin to rotate and slide in the central slot. For the SPK to utilize a fixed central pivot, as required by claim 1, other structures of the SPK's leveling mechanism, e.g., the ends of the lever arms, would have to be modified or replaced. That is the epitome of a substantial difference. Moreover, as the district court aptly recognized, the SPK's pin and slot structure and the '225 patent's

fixed central pivot are not interchangeable; i.e., if one were to only replace the central pin and slot structure with a fixed central pivot, the SPK would not function.[3] Thus, we agree with the district court that no reasonable trier of fact could find that that the SPK infringes claim 1 under the doctrine of equivalents.

We have considered Minebea's remaining arguments on appeal, including those supporting its appeal of the district court's denial of Minebea's motion for discovery under Federal Rule of Civil Procedure 56(f), and we find them to be unpersuasive.

**Kenneth M. CARPENTER, Claimant–Appellant,**

v.

**R. James NICHOLSON, Secretary of Veterans Affairs, Respondent–Appellee.**

No. 06–7009.

United States Court of Appeals, Federal Circuit.

Jan. 25, 2006.

---

2. This reasoning supposes that the SPK's lever arms are rigid, a structural characteristic of the SPK's lever arms that the district court observed, and which Minebea does not challenge on appeal. *Decision,* slip op. at 9.

3. We discern no error in the district court's conclusion that the results of the experiment by Minebea's expert purportedly demonstrating that the SPK could function with a fixed central pivot were unreliable.

## ORDER

The parties having so agreed, it is

ORDERED that the proceeding is DISMISSED under Fed. R.App. P. 42(b).

**Bienvenido A. BALAGTAS, Petitioner,**

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

No. 06–3085.

United States Court of Appeals, Federal Circuit.

Jan. 25, 2006.

Bienvenido A. Balagtas, pro se.

## ORDER

The petitioner having failed to pay the docketing fee required by Federal Circuit Rule 52(a)(1) and to file the required Statement Concerning Discrimination, it is

ORDERED that the petition for review be, and the same hereby is, DISMISSED, for failure to prosecute in accordance with the rules.

**Michael W. AHEARN, Petitioner,**

v.

**UNITED STATES POSTAL SERVICE, Respondent.**

No. 05–3377.

United States Court of Appeals, Federal Circuit.

Jan. 25, 2006.

Michael W. Ahearn, pro se.

## ORDER

The petitioner having paid the initial docketing fee, it is

ORDERED that the order of dismissal and the mandate be, and the same hereby are, VACATED AND RECALLED, and the petition for review is REINSTATED.

Respondent's brief is due within 21 days of the date of filing of this order.